Karine ISRAELYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74757.
Agency No. A75–663–550.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 8, 2006.*

Decided March 14, 2006.

Artem M. Sarian, Glendale, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before CANBY, BEEZER and KOZINSKI, Circuit Judges.

## MEMORANDUM**

Karine Israelyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from the Immigration Judge's denial of her applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

We conclude that substantial evidence supports the BIA's decision because Israelyan's claim that there is widespread persecution of Jehovah's Witnesses in Armenia similar to the type she claims to have experienced contradicts both the State Department Country Conditions Report and the documentary evidence that she submitted in support of her claim. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (documents submitted by petitioner which contradict petitioner's testimony form the basis for an adverse credibility finding). Israelyan also failed to produce corroborating evidence to support her claims in the absence of providing credible

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

testimony. *See Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir.2000).

Because Israelyan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We decline to address Israelyan's challenge to the BIA's denial of her request for relief under the CAT because she failed to raise it before the BIA. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1079 n. 5 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.